IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James H. Treesh, Jr.,            :

        Plaintiff,         :   Case No. 2:10-cv-211

  v.                             :   Judge Smith

Leha Bobb-Itt et al.,            :

        Defendants.        :


<u>ORDER AND REPORT AND RECOMMENDATION</u>

    Plaintiff James H. Treesh, Jr. is a prisoner residing at the Chillicothe Correctional Institution.  He brings this action under 42 U.S.C. §1983 against several state officials at CCI for allegedly depriving him of various rights secured under the Constitution and laws of the United States.  Since the commencement of this case, Mr. Treesh has mailed numerous letters to the Court nearly all of which are simply addressed "To Whom It May Concern."  These letters usually consist of either accounts of events occurring at CCI which tend to support plaintiff's constitutional claims or elaborations on the nature of his suit.  In addition, the rambling narratives contain requests for direction from the Court or Clerk's Office, for copies or confirmation that filings have been received, to add or delete parties and claims, and that certain actions be taken.  In a few instances, Mr. Treesh has filed documents that have been styled as motions, but neither his letters nor motions bear certificates of service, as required by rule.

### I. <u>Letters to the Court</u>

    The Court will first address the letters.  The Court recognizes that Mr. Treesh is proceeding without the benefit of counsel, but notes that even <u>pro</u> <u>se</u> parties are expected to abide by the Court's rules.  Letters addressed to the Court should be

avoided, particularly when they are not served upon the other parties. If Mr. Treesh intends to seek relief, he should file an appropriate motion and serve a copy of that motion on all parties. Proof of such service shall be indicated on the motion. Mr. Treesh also needs to realize that the letters he has continued to send to the Court (and hopefully will no longer send) are not evidence. As for some of the requests he has made in these letters, Mr. Treesh is not entitled to free copies of everything he files with the Court. If he wants a time-stamped copy, he should send a copy with the original motion or pleading he is filing with the Court and enclose a self-addressed, stamped envelope. Mr. Treesh also needs to realize that neither the Court nor the Clerk's Office can give him legal advice, such as whether he needs to file the same lawsuit in state court.

Although it is not required to do so, the Court will address some of Mr. Treesh's informal requests. In the letter received on April 5, 2010 (#7), Mr Treesh explains that the correct name of the Deputy Warden of Special Services is Leha Bobb-Itt and that Lt. Tricia D. McGrew should be added as a defendant. The Court will construe this request as a motion to amend the complaint. Fed.R.Civ.P. 15(a) permits a party to amend his pleading once as a matter of course before being served with a responsive pleading. Because no responsive pleadings have been filed, Mr. Treesh does not need leave of court for his amendment. The complaint is therefore amended to correct the spelling of the Ms. Bobb-Itt's name and to add Lt. McGrew as a defendant. Mr. Treesh should submit a Form USM-285 to the Clerk's Office for the new defendant, along with a copy of the complaint.

In the second letter received on April 9, 2010 (#9), Mr. Treesh requests injunctive relief to stop all searches of his person, property, and bunk area; and to protect all information he has gathered and any and all Native American religious items

in his possession.  He asks that the injunctive relief also include protection of his Native American practices.  In the letter received April 22, 2010 (#11), Mr. Treesh asks for injunctive relief in the form of a protective order to keep him from any contact with Lt. McGrew, Captain McKee, Lt. Tammy Smith, DWSS Bobb-Itt, Captain Brown, Lt. Bloskee, Major Clever, Lt. Oyer, Captain Clerk, and CO Bethel.  The Court construes these requests as a motion for preliminary injunction and directs all properly-served defendants to respond to the motion within twenty-one days from the entry of this order.

In the first letter received on May 11, 2010 (#19), Mr. Treesh stated that he was adding Captain Brown and Captain Ering as defendants as both had been at the medical infirmary on April 18, 2010.  The Court assumes that Captain Brown is not the same individual (Chad Brown) named in the original complaint.  Because Mr. Treesh has already amended the complaint once as a matter of course, he must seek leave of Court to add defendants or claims.  It further appears that he has sought to add other individuals to the complaint as well.  See Notice of Non-issuance of Summons (#15).  Mr. Treesh is reminded that he should not submit USM 285 forms for any persons who are not listed as parties to this lawsuit.

## II. Motion for Injunctive Relief

On April 19, 2010, Mr. Treesh filed a motion for injunctive relief (#10).  A review of this document reveals that it seeks class-wide relief on behalf of all Native American practitioners at CCI and other prisons in the State of Ohio, or any other State or territory within the United States.  Pro se prisoners may not serve as class representatives.  See Palasty v. Hawk, 15 Fed.Appx. 197, 200 (6th Cir. 2001).  Further, without a request for class certification under Fed.R.Civ.P. 23, a plaintiff's claims are restricted to alleged violations of his own rights.

3

See Edmonds v. Timmerman-Cooper, No. 2:07-CV-1227, 2009 WL 1047111 at *5 (S.D.Ohio Apr. 17, 2009). Because Mr. Treesh has not filed a request for class certification and may not, in any event, proceed as a class representative pro se, he may pursue injunctive relief solely with respect to the defendants' alleged violation of his individual rights as a Native American practitioner. Accordingly, the Court recommends that the motion for injunctive relief (#10) be denied.

### III. Motion to Amend Complaint

On May 18, 2010, Mr. Treesh filed a motion to amend his complaint to add sixteen individuals as plaintiffs in this lawsuit. These sixteen individuals are members of the Native American circle at CCI. The only individual who has signed the complaint, however, is Mr. Treesh. Although 28 U.S.C. §1654 allows parties to plead and conduct their own cases either personally or through an attorney, "that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002)(internal citations omitted). Accordingly, a litigant who desires to proceed pro se must personally sign the complaint to bring his or her claims before the court. See Koger v. Hudson, No. 1:07-CV-3438, 2008 WL 495619 at *1 (N.D.Ohio Feb. 21, 2008). Because none of the other sixteen prisoners at CCI have signed the complaint, they cannot be added as plaintiffs pursuant to Mr. Treesh's motion. The motion to amend (#24) is therefore denied.

### IV. Disposition

Based on the foregoing reasons, the complaint is amended to correct the name of defendant Leha Bobb-Itt and to add Lt. Tricia D. McGrew as a defendant to this lawsuit. Mr. Treesh shall submit a USM 285 form for defendant McGrew if he wishes the Marshal to serve her with the complaint. Mr. Treesh also needs to seek leave of Court before adding any other defendants. The

defendants who have been properly served shall respond to the plaintiff's requests for injunctive relief contained in Doc. Nos. 9 and 11 within twenty-one days of this order.  The Court recommends that the motion for injunctive relief (#10) be denied. Mr. Treesh's motion to amend his complaint (#24) is denied.  Mr. Treesh is further advised that, from the date of this order forward, the Court will not consider any letters to be motions and will take no action based upon their contents.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge