IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


James H. Treesh, Jr.,               :

              Plaintiff,        :      Case No. 2:10-cv-211

  v.                                :      Judge Smith

Leha Bobb-Itt et al.,               :

             Defendants.       :


ORDER

On May 26, 2010, the Court ordered that Mr. Treesh's complaint be amended as of right to correct the spelling of a defendant's name and to add a new defendant.  The Court, however, denied his motion for leave to amend to add sixteen plaintiffs since none of these proposed parties had signed the complaint. Beginning on August 12, 2010, and continuing through November 9, 2010, Mr. Treesh has filed twelve additional motions for leave to amend his complaint.  For the following reasons, the August 12, 2010 motion (#36) will be granted in part and denied in part, the September 21, 2010 motion (#41) will be granted, and the remaining motions (## 43, 46, 47, 48, 49, 50, 51, 53, 54, 56) will be denied.

I.

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated

that the rule is to be interpreted liberally, and that in the
absence of undue delay, bad faith, or dilatory motive on the part
of the party proposing an amendment, leave should be granted.  In
Zenith Radio Corp., the Court indicated that mere delay, of
itself, is not a reason to deny leave to amend, but delay coupled
with demonstrable prejudice either to the interests of the
opposing party or of the Court can justify such denial.

> Expanding upon these decisions, the Court of Appeals has
noted that:

> > [i]n determining what constitutes prejudice, the
> > court considers whether the assertion of the new
> > claim or defense would: require the opponent to
> > expend significant additional resources to conduct
> > discovery and prepare for trial; significantly
> > delay the resolution of the dispute; or prevent
> > the plaintiff from bringing a timely action in
> > another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing
Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786
F.2d 101, 103 (2d Cir. 1986)).  See also Moore v. City of
Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d
637 (6th Cir. 1982).  Stated differently, deciding if any
prejudice to the opposing party is "undue" requires the Court to
focus on, among other things, whether an amendment at any stage
of the litigation would make the case unduly complex and
confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986)
(per curiam), and to ask if the defending party would have
conducted the defense in a substantially different manner had the
amendment been tendered previously.  General Elec. Co. v. Sargent
& Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v.
Therm-O-Disc, Inc., 791 F.Supp. 693 (N.D. Ohio 1992).

> The Court of Appeals has also identified a number of
additional factors which the District Court must take into
account in determining whether to grant a motion for leave to

file an amended pleading.  They include whether there has been a
repeated failure to cure deficiencies in the pleading, and
whether the amendment itself would be an exercise in futility.
Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.
1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.
1989).  The Court may also consider whether the matters contained
in the amended complaint could have been advanced previously so
that the disposition of the case would not have been disrupted by
a later, untimely amendment.  Id.  It is with these standards in
mind that the instant motions to amend will be decided.

II.

A. The August 12, 2010 Motion to Amend Complaint

In the first of the new motions (#36), Mr. Treesh seeks to
clarify that he is suing the defendants in their individual
capacity and to add imminent danger and deliberate indifference
claims.  In their memorandum in opposition (#44), the defendants
do not oppose granting Mr. Treesh leave to amend his complaint to
specify that he is suing them in their individual capacity.  They
do, however, oppose granting Mr. Treesh leave to amend his
complaint to add the imminent danger and deliberative
indifference claims on the grounds that such claims are
unfounded, implausible, and speculative.  They also argue that
proof of these proposed new claims will require proof on an
entirely different set of facts, and that Mr. Treesh should not
be allowed to assert such loosely-connected claims.

The imminent danger and deliberate indifference claims, as
described in the motion to amend, appear to be unrelated to the
allegation in his original complaint that defendants were
deliberately indifferent to his medical needs by depriving him of
pain medication (ibuprofen) for a period of ten days.  Rather,
the claims sought to be added are based on Mr. Treesh's
allegations that he was attacked on February 15, 2010, and on

3

July 6, 2010, by other inmates who were recruited to perform
violent acts on him.

Mr. Treesh does not identify the person or persons who
allegedly recruited the two inmates, whether these unidentified
persons have already been named as defendants in this case, or
the basis for his knowledge that the inmates were, in fact, so
recruited.  He also does not explain how the proposed imminent
danger and deliberate indifference claims relate to the gravamen
of his complaint that defendants have violated his constitutional
right to engage in Native American religious practices such as
the wearing of head gear or feathers in his hair.

B. <u>The September 21, 2010 Motion to Amend Complaint</u>

By this motion (#41), Mr. Treesh seeks to withdraw any
claim for class-wide relief.  He also wants to allege additional
facts showing that his right to practice his Native American
religion and to participate in various ceremonies has been
heavily infringed.  The defendants have not opposed the leave to
amend in this instance.

C. <u>The October 5, 2010 Motion to Amend Complaint</u>

Here, Mr. Treesh seeks to add claims that defendants have
engaged in retaliatory searches in order to create confusion in
his mind and to have him sanctioned in hopes that his complaint
would thereby be dismissed (#43).  The defendants oppose this
motion to amend on the same grounds they opposed the August 12,
2010 motion.

D. <u>The October 8, 2010 Motion to Amend Complaint</u>

Mr. Treesh wants to add claims that all facility and staff
members have conspired to unlawfully detain him in administrative
segregation in order to cause him serious physical harm and
psychological abuse with the ultimate objective of killing him
(#46).  In opposing this motion, the defendants incorporate their
previous response to plaintiff's August 12 and October 5 motions.

4

They also contend that plaintiff's repeated motions to amend
serve no valid purpose.

      E. <u>The October 19, 2010 Motion to Amend Complaint</u>

Mr. Treesh seeks in this motion (#47) to incorporate alleged
videotape evidence showing various unlawful searches and
seizures, as well as witness statements regarding alleged
retaliatory actions taken against him.  He also wants to add to
his complaint that Corby Free, the institutional inspector for
CCI, denied him a grievance form on October 13, 2010, with which
to complain about certain malicious acts allegedly committed by
Officer Gilliland on various dates.  Mr. Treesh further alleges
that Inspector Free threatened to place him on informal-complaint
restriction if he continued with his conspiracy theories.  The
defendants incorporate their previous memorandum in opposition
for this and all subsequent motions to amend (## 52,55).

      F. <u>The October 22, 2010 Motions to Amend Complaint</u>

Mr. Treesh filed four separate motions on the same date for
leave to amend his complaint.  In the first (#48), he wishes to
allege that unnamed CCI staff members put Officer Coffee up to
poking or jabbing him in the ribs knowing that plaintiff would
complain about this incident and thereby give them a reason to
place plaintiff in segregation.  The objectives of the alleged
scheme were to stop grievance procedures against Officer
Gilliland, to enter plaintiff's cell area and conduct unlawful
searches for written correspondence between plaintiff and the
institutional correction investigative committee based in
Columbus, to force plaintiff back onto the mental health caseload
at CCI, to keep plaintiff from legal research and accumulating
evidence to support his claims, and to prevent plaintiff from
seeing further abusive treatment of other inmates.  Mr. Treesh
also wishes to alert the Court to the "fact" that over the past
four months several unidentified corrections officers have

suggested to him that he should commit suicide

In the second motion (#49), Mr. Treesh seeks leave to amend his complaint to allege that CCI staff members are deliberately and unlawfully placing him in segregation in order to ride roughshod over his rights.  Mr. Treesh reports that these unnamed staff members repeatedly searched his cell for legal correspondence while he was in isolation, packed up private information documentation, and then intimidated him into signing pack up sheets through fear of additional retaliation and harassment.  Further, he claims to have been denied toothpaste, soap, and shampoo while in isolation, as well as new undergarments for more than eight months.  Mr. Treesh also maintains that he has been denied participation in Native American religious ceremonies and meals, as well as possession of religious items as a result of CCI's control of his financial situation.  In addition, he complains that staff members have deliberately engaged in acts and omissions designed to elevate his anxiety and stress levels, both of which have been known to kill.  Lastly, he accuses unidentified staff members of contaminating his drinking containers with "medication cocktails" at the behest of Officer Gilliland which resulted in plaintiff's extreme dizziness in July 2010.

In his third motion (#50), Mr. Treesh asks leave to amend his complaint to reflect his realization that a large group of unidentified persons have decided to use him as a "boy toy" in order to kill him and to make it appear that he is losing his mind.  He also wishes to disclose that each time he has been placed in isolation more and more items of his personal property have come up missing.  He theorizes that prison officials then sell these items for personal profit.  Mr. Treesh additionally wants to plead the existence of a conspiracy involving the Ross County prosecutor's office and the F.B.I. to cover up the

conspiratorial activity within CCI.  Finally, he seeks to
increase his prayer for damages to $275,000 per defendant for
violating his constitutional rights under the Fifth, Sixth, and
Fourteenth Amendments; $1,000,000 for his Eighth Amendment
claims; and another $1,000,000 for endangering members of his
family.

        In his fourth motion (#51), Mr. Treesh seeks leave to add
information concerning his allegedly retaliatory placement in
segregation.  He now "realizes" that this was done in order to
control his mail to this Court.  His most recent placement on
October 5, 2010, was allegedly due to the situation caused by
Officer Coffey's poking or jabbing him with a key.  Mr. Treesh
also wishes to add claims regarding deliberate damage done to his
prayer feathers and his placement in isolation for more than one
hundred days out of the twenty-two months he has been imprisoned,
which has forced him to expend money on lawsuits that he might
have used to purchase needed religious items.  The remainder of
the motion describes a conspiracy by members of a law enforcement
task force, a Williams County common pleas judge, and the Ohio
Attorney General to maliciously prosecute him due to his refusal
to cooperate in an undefined enterprise.

G. The October 28, 2010 Motion to Add Information or Accounts

        In this motion (#53), Mr. Treesh seeks leave to add
allegations that on October 14, 2010, Inspector Free again
refused to provide him a grievance form to complete an informal
complaint against Officer Gilliland, a second-shift corrections
officer and that Inspector Free also threatened to restrict his
privilege to file informal complaints for an even greater length
of time should he continue to submit grievances involving a
purported conspiracy.  Yet another allegation Mr. Treesh wishes
to add to his complaint involves a supposed threat by CCI staff
to leave him alone for the duration of his sentence if he filed

further grievances.  Lastly, Mr. Treesh alleges that Officer
Davis read two of his legal letters on October 14, 2010, which
had been left on top of plaintiff's property.

H. <u>The November 8, 2010 Motion to Amend Complaint and Add
   Information</u>

     In this motion (#54), Mr. Treesh seeks leave to amend his
complaint to reflect that the Ohio Attorney General sent a letter
dated October 25, 2010, accusing him of harassing each of the
defendants.  He states that this charge is untrue and that he is
merely making sure that all of his allegations are noted and
documented.  He also states that he has come to realize that the
defendants are not going to stop their psychological warfare or
the search of his legal mail until a preliminary injunction is
put into play to protect him from physical and mental harm from
both CCI staff and other inmates.  Mr. Treesh also claims to have
discovered ten more complaints recently filed against Officer
Gilliland.

 I. <u>The November 9, 2010 Motion for Leave to Add Information</u>
     In this motion (#56), Mr. Treesh seeks to add various
criminal statutes under Title 18 of the United States Code which
he believes pertain to this action.  He also describes an
incident on October 28, 2010, where another inmate allegedly
recruited by Officer Gilliland threw a piece of chewing gum in
plaintiff's hair.  This same inmate purportedly told Mr. Treesh
that the State of Ohio was never going to release him, but
instead was going to commit him to a mental hospital in
retaliation for his complaints to federal court.  He filed a
complaint against this inmate on November 1, 2010, but the warden
then allegedly created a situation whereby plaintiff would have a
heart attack or snap and could then be placed back in isolation.
Mr. Treesh goes on to allege a pre-incarceration conspiracy
involving the State of Ohio and local law enforcement to kill him

8

by means of an automobile accident.

                              III.

     The Court will grant the August 12, 2010 motion to amend to
the extend that the defendants named in the original complaint
are being sued in both their official and individual capacities.
The defendants have affirmatively stated that they do not object
to this proposed amendment.  The Court will also grant the
September 12, 2010 motion to amend.  Judge Smith has already
determined that Mr. Treesh may not pursue class-based remedies
since no motion to certify class is pending and because Mr.
Treesh may not, in any event, act as a class representative
(#39).  Mr. Treesh's request to withdraw any claim for class-
based relief merely reflects that ruling.  As for the remainder
of the September 12 motion, his claim that the defendants are
heavily infringing his own rights to engage in Native American
religious practices and participate in ceremonies clearly relate
to his original claims.  Accordingly, the defendants will not be
prejudiced by allowing this amendment.

     The Court determines, however, that the defendants would
suffer undue prejudice if the other motions for leave were to be
granted.  These remaining motions for leave to amend or add
information will therefore be denied for the following reasons.

     On June 11, 2010, the Court entered a scheduling order
establishing deadlines for the completion of discovery and the
filing of dispositive motions.  Although this order did not
impose a deadline for the amendment of pleadings, it is obvious
that discovery can never be completed if Mr. Treesh is permitted
to amend his complaint each time he feels that he has suffered a
wrong.  Allowing such amendments would prolong this proceeding
without any prospect that plaintiff's claims would ever be
resolved.  See Lyle v. Jackson, 49 Fed.Appx. 492, 494-95 (6th
Cir. 2002).

It is also apparent that many of the proposed amendments deal with incidents that allegedly occurred prior to plaintiff's incarceration.  There is no reason why he could not have raised these claims earlier.  Mr. Treesh is not entitled to unlimited opportunities to cure any perceived deficiencies in his complaint.

The bulk of plaintiff's proposed amendments involve claims which are only tangentially related, or in some cases wholly unrelated, to those which comprise the original complaint.  New unrelated claims against new defendants need not be allowed. Hetep v. Warren, 27 Fed.Appx. 308, 309 (6th Cir. 2001); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(unrelated claims against different defendants belong in different lawsuits not only to prevent confusion, but to ensure that prisoners pay the required filing fees under the Prison Litigation Reform Act).

Still others fail to meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In particular, the proposed amendments involving alleged conspiracies are implausible and and insufficient.  It has been uniformly held that in order for a §1983 claim of conspiracy to survive a motion to dismiss, the pleading which sets forth that claim must do so in specific fashion.  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983."  Guiterrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987).  The complaint in question must "allege specific facts showing agreement and concerted actions among the defendants...."  Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The failure to allege all elements of a conspiracy, including an agreement or a meeting of the minds among the alleged conspirators, and overt actions in furtherance

10

of the conspiracy, requires dismissal of the complaint.  <u>Woodrum</u>
<u>v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989); <u>Gometz</u>
<u>v. Culwell</u>, 850 F.2d 461, 464 (8th Cir. 1988); <u>McGillicuddy v.</u>
<u>Clements</u>, 746 F.2d 76, 77 (1st Cir. 1984).  Those allegations
involving various conspiracies which Mr. Treesh proposes to add
to his complaint do not satisfy these requirements.

Lastly, many of the proposed amendments or additions contain
"claims describing fantastic or delusional scenarios, claims with
which federal district judges are all too familiar."  <u>Neitzke v.</u>
<u>Williams</u>, 490 U.S. 319, 328 (1989).  Allowing these amendments
would merely be an exercise in futility.

IV.

Based on the foregoing reasons, Mr. Treesh's August 12, 2010
motion (#36) to amend his complaint is granted to the extent that
the defendants are named in both their official and individual
capacities.  The motion is denied in all other respects.  Mr.
Treesh's September 12, 2010 motion to amend (#41) is granted.
The remaining motions for leave to amend (## 43, 46, 47, 48, 49,
50, 51, 53, 54, 56) are denied for the reasons stated herein.  In
order to maintain the discovery and dispositive motions deadlines
established in the scheduling order(#32), the Court will not
entertain any further motions to amend the pleadings.
Accordingly, from this date forward, Mr. Treesh shall not file,
and the Clerk shall not accept for filing, any motions for leave
to amend plaintiff's complaint and/or to add information or
accounts.

V.

Any party may, within fourteen (14) days after this Order is
filed, file and serve on the opposing party a motion for
reconsideration by a District Judge.  Fed. R. Civ. P. 72(a). The
motion must specifically designate the order or part in question
and the basis for any objection.  Fed. R. Civ. P. 72(b).

11

Responses to objections are due fourteen days after objections
are filed and replies by the objecting party are due seven days
thereafter.  Eastern Division Order No. 91-3, pt. I., F., 5.  The
District Judge, upon consideration of the motion, shall set aside
any part of this Order found to be clearly erroneous or contrary
to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

       This order is in full force and effect, notwithstanding the
filing of any objections, unless stayed by the Magistrate Judge
or District Judge.  S.D. Ohio L.R. 72.3.


                              /s/ Terence P. Kemp
                              United States Magistrate Judge