# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

James H. Treesh, Jr.,

     Plaintiff,

  v.

Leha Bobb-Itt et al.,

     Defendants.

Case No. 2:10-cv-211

JUDGE GEORGE C. SMITH

Magistrate Judge Kemp

## OPINION AND ORDER

While he was a prisoner at the Chillicothe Correctional Institution, plaintiff James H. Treesh, Jr. filed this action under 42 U.S.C. §1983 against a number of employees at that institution, alleging that they deprived him of his constitutional rights. On August 29, 2011, after the parties had filed cross-motions for summary judgment, the Court entered judgment in favor of the moving defendants and dismissed the case. Judgment was entered on August 30, 2011. Mr. Treesh then requested an extension of time to file a motion for reconsideration, but the Court denied the motion.

On September 19, 2011, Mr. Treesh filed a motion for reconsideration. Two days later, he moved to stay proceedings on that motion. Defendants have opposed both the motion to stay and the motion for reconsideration. More recently, Mr. Treesh moved for an extension of time, apparently in which to file a reply brief, noting that he had been released from prison on October 3, 2011, and that his circumstances were not currently conducive to his conducting legal research or doing the investigation needed to prove his case. For the following reasons, the Court denies all pending motions.

The Court granted summary judgment in this case on Mr. Treesh's Free Exercise of Religion claims (Mr. Treesh is a Native American) because an inmate may not recover monetary damages under the Religious Land Use and Institutionalized Persons Act of 1998 (RLUIPA), because Mr. Treesh did not show that he ever requested a religious exemption to wear a feather in his hair on a daily basis (as opposed to for ceremonial purposes - which request was granted), and because the defendants advanced a legitimate penological reason for not allowing Native American inmates to wear feathers on a daily basis. Summary judgment was also granted on other claims, but they are not addressed in the motion for reconsideration.

Mr. Treesh's basis for asking for reconsideration seems to be that he has been denied DNA testing to prove that he is of Native American descent. As the defendants point out, however, they did not deny him any religious worship opportunities on grounds that he is not really a Native American; rather, he was treated the same as other Native Americans (and adherents of other religions) by being permitted to wear religious headgear only for ceremonial purposes, or in his cell, but not on a routine basis. DNA testing would add nothing to the Court's analysis of this issue, nor would it change the result which the Court has reached, because the case did not turn on whether Mr. Treesh is actually a Native American. Further, a stay of proceedings or an extension of time to brief this issue is not warranted because, again, the issue Mr. Treesh is raising is not an issue which caused the Court to resolve the case against him. Because "[t]he purpose of a motion to alter or amend judgment is to correct manifest errors of fact or law," *Treesh v. Cardaris*, 2010 WL 4809111, *1 (S.D. Ohio November 17, 2010)(Smith, J.), and Mr. Treesh's motion does not persuade the Court that it made any manifest errors of either fact or law in granting summary judgment to defendants, his motion lacks merit.

In his motion for reconsideration, Mr. Treesh also raises, for apparently the first time, an issue about why Ohio restricts the religious practices of Native Americans more than do some other states, such as New Mexico, or than the United States does in the context of federal prisons. These issues, which relate to such things as sweat lodges and pipe ceremonies, were not before the Court while the case was pending. Further, to the extent that Mr. Treesh is attempting to raise new issues that might be appropriate for some type of injunctive relief, his release from prison has mooted any such issues. *See, e.g., Kensu v. Haigh,* 87 F.3d 172 (6th Cir. 1999). Thus, even if such issues were the proper subject of a motion to reconsider (which they are not), the Court could not grant Mr. Treesh any relief on those claims.

For all of these reasons, the Court **DENIES** the motion to reconsider (#104), the motion to stay (#105), and the motion for an extension of time (#108).

**IT IS SO ORDERED**.


*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**